Case number 21-3209, USA v. Jamael White, oral argument 15 minutes per side. Ms. Calloway for the appellant. May it please the court. My name is Wendy Calloway. I'm here on behalf of Jamael White. This is a case that involves a felon in possession charge. There was a one count indictment. The appellant, Mr. White, pled as charged. I know the court is familiar with these cases and with the 924 enhancements, but just by way of reminder, the statutory maximum on this case was 120 months. The court found, the government argued, the PSR found, and the court found that the ACCA applied in this case, the court applied it, and imposed the mandatory minimum that the enhancement provided for of 180 months. I'm here today presenting several assignments of error, issues for review for the court. I would like to focus my argument on the issue of the Borden case out of the U.S. Supreme Court today, if it pleases the court. So, in this case, the state relied on three prior convictions to argue that the ACCA applied here. All of these cases ostensibly revolve around Ohio's aggravated robbery statute. In the case of U.S. v. Borden, the court looked at a case from Tennessee, and the question before the court was, can the ACCA be applied to cases that have a mens rea of recklessly? And the court had looked at this issue before on the issue of negligence, and said no, that you can't use negligence to enhance a prior case under the ACCA. And this time the court looked at the issue of recklessly. The decision of the court was that in order for a prior conviction to be used as a predicate offense under the ACCA, that the mens rea must be at least knowingly or purposely. The Ohio aggravated robbery statute does not have a mens rea. And so, my argument to the court is that 29-1101, which is the Ohio aggravated robbery statute, cannot be used as a predicate offense for the ACCA because it does not contain the requisite mens rea required by the Borden case. Haven't we already decided that? The court looked at this in the Brennan case after the Borden case came out, and examined the same Tennessee statute that was in front of the court on Borden, and said the government actually withdrew the appeal there because everyone agreed that... We're talking about the Patterson case though. Oh, I'm sorry. No, I don't believe the court did decide this in Patterson. So, I understand that's the government's argument. But the Patterson case really wasn't addressing the mens rea issue. The Borden case is clear that now the court has to look at two things. If you can map the elements onto what the ACCA requires as force against another, and that's what this court was looking at in Patterson, does the elements clause apply to the Ohio aggravated robbery statute? But the Borden court has said now there's a second thing that needs to be examined that's separate from whether the elements match up. The court also has to look at culpability or the mens rea. So, the Patterson case was involving whether the use of force language, the crime of violence language in the ACCA, maps onto the Ohio aggravated robbery statute. And this court analyzed it in great detail, and talked about what the elements were of the Ohio statute, and how it lined up with the ACCA. And that Patterson analysis is still good law. But the court did not really engage in an analysis about the mens rea. And so, in my opinion... I'm sorry, go ahead. Is your argument that mens rea is explicitly stated as an element in the statute? So, my argument would be yes. However, when I was preparing for this argument, I just did a quick search to see if other courts had done anything with this because it's a new case. And there was a case out of the Ninth Circuit, U.S. v. Mann, where it was a very similar statute. And the Ninth Circuit said, well, we're going to look and see what the state court has done with this. And the state court, the California Supreme Court, said that the mens rea had to be at least knowingly or purposely in order for there to be a conviction under that state statute. So, if the court wants to use that analysis from that jurisdiction, we can look at what Ohio has done here. And the state v. Tolliver, which is 19 Northeast 870, that's a 2014 case out of the Ohio Supreme Court, the court explicitly said that there is no mens rea for the force section of the Ohio Aggravated Robbery Statute. And I understand that the government is arguing a lot of different things, but one of the things they're saying is, well, you can just extrapolate the theft, the mens rea that's in the theft, because in order for there to be a crime of aggravated robbery under the statute, you have to first commit a theft offense, as defined by Ohio law. Are you citing any Ohio law that's relevant, that would postdate the Patterson decision? I don't have that in my brief. Patterson was in 2016. I guess what I'm struggling with is we've already had a determination of what Ohio law is by a panel of our court, and it seems to me unless we have some Ohio authority that calls into question the reasoning of that earlier panel decision, I'm having a hard time understanding how we can overrule that earlier panel decision. Okay. One moment, please, Your Honor. So what I would point the court to is the analysis in Borden. And again, I understand the court is saying that you've already made a decision on this, but the court didn't analyze the relevant inquiry that was mandated by Borden and Patterson. The court said that the Ohio robbery statute matches the elements of the ACCA. But the court in Borden has mandated now that courts look at that foresight. It has to be then that Borden is requiring something more explicit in the statute? I don't know that that's in Borden, but that would logically seem to be what you're saying. Well, I think Borden is just saying that if the state statute doesn't have a mens rea of at least knowingly or purposely, it can't be used as a predicate offense. There's really not a lot of analysis or interpretation that's required here. The Ohio statute doesn't have a mens rea of at least knowingly or purposely. From the Ohio Supreme Court itself, it says that the force element is strict liability or it can be reached in any number of ways. That violates Borden. The court didn't address that in Patterson. The court was looking at something else. On page 1825 of the Borden case, the court looks at the Leocal decision and explains what they were doing there with regard to the negligence issue that was brought up in that case. But the analysis there is instructive because they very clearly say courts have to look at both things. You have to look at whether the elements match up and you have to look at culpability or mens rea. The point on the mens rea after Borden is that either the statute has to say an explicit mens rea more than recklessness or that the cases construing this offense in this state all require a mens rea more than recklessness. Is that correct that either of those ways would satisfy Borden? That is correct, Your Honor. And so the question then is after either Patterson or Borden, has any Ohio case said that recklessness is enough to warrant a conviction under this statute? To my knowledge, there hasn't been any case since Patterson that has made a determination like that in the state court. However, in Tolliver, the Supreme Court said there is no mens rea for the force element of the Ohio robbery statute. And that 2014 Ohio Supreme Court case is still good law in Ohio? To my understanding, yes, Your Honor. And again, because there was some discussion about what actually it would take to be convicted of this aggravated robbery in the Patterson case and at the oral argument and a lot of discussion about, well, can this actually be done recklessly? Can this be done negligently? And I would submit to the court that that kind of analysis is irrelevant. That is interesting and important and good for the court to do when you're looking at whether the elements map onto the statute. But when you are looking at culpability, there's nothing for the court to interpret. The court only has to say, is there a mens rea of knowingly or purposely? Now you're saying that in response to Judge Bush's question that it has to be in the statute. I'm sorry? What if it is impossible? You say that analysis isn't useful for the mens rea. But what if it requires certain actions factually that inherently have a certain mens rea? I'm sorry if I misspoke. I did not mean to contradict myself. I stand by what I said before, that it either has to be explicitly in the statute. If it's not there, then the court can look to the state law interpretation. But to Your Honor's point, I don't believe that's the purview of the court any longer. The court can either look at the statute and see what it says, and the legislature can evidence its intent that there's a mens rea there, or the court can look at how the states have interpreted the statute. If it's not there, then it doesn't comply with Borden. And so the court's analysis about, well, is this possible or whatever, the way that the court has done that, which is appropriate when you are trying to map on the elements, is not appropriate when you are analyzing the mens rea. The Borden court did not invite us to say, well, is there a possibility that this could be done recklessly? They said statutes that do not have at least a knowingly or purposely mens rea cannot be used as predicate offenses. So I would submit to the court that that kind of analysis that was done in Patterson is not appropriate when you are looking at whether there's a mens rea on the force element on the predicate offense. So even if it was logically impossible to commit a particular offense recklessly, it still doesn't satisfy? That is correct. This is a bright line rule. Yeah, you made reference to a Toliver case. I'm not finding that in your brief anywhere. What is that case? A 19 Northeast 2nd, 870. Okay, you gave us a side earlier. So that's a case you found after you did your briefing? It's on page 14 of my reply brief. Oh, your reply. I'm sorry. I'm looking at your opening brief. Okay, got it. What were the facts in Toliver? Do you know? I'm sorry, Your Honor. I don't remember. But I will say, I mean, just, I don't believe it's appropriate to go down that rabbit hole. But, you know, the aggravated robbery statute can be committed in a number of ways. You can commit a theft offense and display brandish, indicate possession, or use a deadly weapon. And indicating possession, that can be committed in a lot of ways. And I did some research on this. And I found a case from the 2nd District Court in Ohio where a person walked into a store, they had both hands in their pocket, and they said to the teller, like the corner store, open the register or something like that. And the clerk testified that they were in fear and they thought the person had a gun. No gun was found. The person said they didn't have a gun. And so that's the kind of thing that I think the Borden Court is concerned about. That kind of behavior does not, maybe the theft was intended, but there is no mens rea, no evidence, that the person actually intended to commit this violence that the ACCA is concerned with. And that conviction was sustained? Correct. And what case was that? That's 2004, Ohio, 1941. And I'm sorry, that is not in my brief. What's the name of that case? I'm sorry, I don't have that. 2004, Ohio, 1941. Correct. You have the site but not the name of the case? Yes, I'm sorry. I was making notes and coming up with examples and I didn't jot it down. I apologize. Okay, your red light is on unless there are any other questions. Thank you. Thank you. Good morning. If it please the Court, Mary Beth Yeaton on behalf of the United States. Like my opponent, I'll concentrate on the Borden issue this morning. The District Court correctly concluded that White's aggravated robbery convictions qualify as violent felonies under the Armed Career Criminal Act and certainly did not commit plain error in that conclusion. The Ohio aggravated robbery provision at issue here requires not only that the defendant possess a deadly weapon but that he display it, brandish it, indicate possession of it, or use it. This Court has already concluded in Patterson that in light of these required actions, this offense necessarily requires a threatened use of physical force against the person of another satisfying the acts elements caused. The decision in Patterson is binding and it's also correct. Did Patterson actually say that this does not include recklessness? The defendant in Patterson raised the very same mens rea based argument that White raises now as to the aggravated robbery offense and asserted that under Ohio law it was strict liability. The defendant in Patterson cited the Lester case for that, the same case that defendant here relies on, and yes, the Court rejected Patterson's mens rea argument. There were other aspects of Patterson to be sure, but one of them was mens rea. At page 303-304 of the Patterson opinion, the Court specifically cited Patterson's suggestion at oral argument that the Ohio statute could apply to quote, someone who robs a store while just happening to be carrying a weapon openly. But this Court observed Patterson had not pointed to any Ohio cases involving that kind of circumstance and moreover, the Ohio Supreme Court itself in Evans had dismissed hypothetical scenarios like what Patterson offered as implausible. So what about your opponent's argument that this case, State v. Tolliver, says that there's no mens rea for the force section? I would actually suggest that the worst case for the government is probably State v. Lester, which deals more directly with the provision, the particular aggravated robbery provision at issue here. Tolliver addresses a slightly different provision. It's in the same line of cases. Both are considering the question of when Ohio's read-in recklessness rule applies and when it therefore requires charging a mens rea element beyond the terms of the statute itself. Neither address the question which my opponent deems irrelevant and the government deems very relevant indeed of whether the statutory terms themselves require a knowing mens rea. The question in applying the Art and Career Criminal Act is of course a question of federal law, state law is informative, but it's not a matter of where they slot culpability in terms of an express mens rea requirement versus part of the actus reus. The question for this court is whether there's a reasonable probability that the Ohio courts would apply this provision outside what the elements clause requires. Patterson answered that question and said no. The court in Patterson noted that the defendant there had not cited any Ohio conviction under this aggravated robbery provision where quote a defendant negligently or recklessly used force in the commission of robbery or where a defendant negligently or recklessly intimidated a victim. And that's in Patterson? That's in Patterson at page 304. How do we deal with sort of the confluence of Patterson which was decided in 2017 and this Verweebe case that was also decided in 2017 and Verweebe seemed to say that recklessness was enough to satisfy the mens rea requirement and then Verweebe has clearly been overruled by the Supreme Court in Borden. Indeed. Verweebe was after the Patterson decision. At the time Patterson was decided, McMurray had held to the contrary, had held just in line with what Borden has now held that reckless conduct is not enough under So how could the Verweebe panel overturn the McMurray panel decision? The Verweebe panel relied on Voisin, an intervening U.S. Supreme Court case to do that, but again that had not occurred at the time Patterson was decided and if you look back at the briefing in Patterson, it was relying on McMurray and other cases holding that reckless conduct was not enough. Indeed I encourage the court to listen to the oral argument in Patterson which focused primarily on this mens rea point and further I'd remind the court that this issue is on plain error review so if we think about what a sentencing court today would do with Patterson and Borden one thing is surely clear, it's not plain that such a sentencing court today would be wrong to follow this court's published decision in Patterson which purported to resolve this very same issue against a backdrop of circuit law that is coextensive with Borden Plain error is judged by the law at the time of the appeal Correct, that's why I said a sentencing court looking at this issue today would not find it plain that it should not adhere to Patterson Indeed, Patterson while binding to the extent that the court were considering the issue today Patterson is also correct those terms in this statute brandish, display, indicate possession of and use do not indicate simply passively having a warrant I'm not familiar with the case that counsel cited today for the first time obviously Couldn't somebody display negligently in other words somebody goes to rob someone and happens to have a gun on their person and doesn't intend to show the gun but their coat opens up and the gun happens to be seen Two responses to that First, I think that would not be the most natural reading of display particularly in sequence with brandish and indicate possession Second, the Ohio Supreme Court in Evans has read this very provision at issue here today to require a threat to inflict physical harm on a victim This was in the context of a lesser included offense analysis and if display of the sort that you mentioned Judge Moore qualified, that wouldn't be consistent we think with what the Ohio Supreme Court read the provision in Evans So no, we do not think that qualifies And again Patterson has resolved this issue There is nothing new offered by way of Ohio law that would justify reconsideration of Patterson particularly on plain error review Lester and Tolliver are cases that are looking at the necessity of separately charging Again, they are not looking at the interpretation of the substantive provision Whatever Lester says about that charging related question the question here is whether there is a realistic probability the state would apply the provision to conduct outside the elements clause Lester, Tolliver, without Moore suggest at most a theoretical possibility of such application but that is not a realistic probability in light of the section's active substantive terms their interpretation in the Ohio Supreme Court at Evans and their application in Ohio case law as the Patterson court has already determined While you were mentioning plain error review Yes Shouldn't we decide first whether there is error and then decide whether it is plain error That is not necessary in many decisions this court proceeds only to the plain error question But if we are to inform people about what this Ohio law involves wouldn't the first step be to say is this something that encompasses recklessness Technically I think that would not be necessary to today's decision This case is on plain error review I will clarify one point my opponent made regarding the theft mens rea The United States is not contending that the fact that there is a mens rea requirement for the underlying theft is itself enough rather we are relying on those active terms of the aggravated robbery provision as interpreted by the Ohio Supreme Court as applied by the Ohio courts and as already understood by this court in Patterson Are you focusing on one particular subsection or are you speaking to the entire statute The offense here is under 291101A1 so that is the only provision that is issued today If there are no further questions we would ask that you affirm the judgment of the district court Thank you The Borden case made clear that the courts now when they are looking at the issue of mens rea have to focus on the intention This is a two step process Do the elements map onto the ACCA and is the requisite mens rea there I would ask the court to consider the dissent in Borden Justice Kavanaugh and the other justices that signed onto that They certainly disagree with the government's contention here because they gave several examples there about what would now not be a predicate offense under the ACCA and Justice Kavanaugh includes shooting into a neighbor's house intending to scare the person accidentally hitting them and some other examples and so we are not here to decide whether those would or wouldn't Characterizing what the pluralities rule would Correct But just to look at what the dissent thinks this decision means they are very much at odds with the argument that the government is making and so the dissent is more in line with the interpretation that I am offering and the plain language of Borden The government is trying to read into Borden things that just aren't there The Borden case says that a predicate offense for the ACCA must have a mens rea of knowing or purpose and so their argument that is there a reasonable probability that this would be used as recklessly is not the directive from the Supreme Court How can you display a weapon recklessly Just as the court indicated The Ohio legislature I think this week just passed a law that they've taken away any requirements for anyone to have any licensing to carry a gun now and so anyone can have a gun at any time and so you walk into the store and you put a candy bar in your pocket and you have a gun on your hip and the clerk sees you do that that can be charged as an aggravated robbery because you've displayed a weapon in the commission of a theft offense and so that's a very obvious way that this can be committed also indicating possession. You don't even have to have a weapon to be convicted of aggravated robbery If the clerk thinks you have a weapon because of the way you looked or something you did that gave them that impression you can be convicted of aggravated robbery Do you agree that it's plain error review for the Borden? No. Why not? First of all, under counsel at the district court objected to the application of the ACCA I understand their objection wasn't as specific as I would have liked it to be but they did offer an objection that the ACCA shouldn't apply It's not on this ground That's correct. And so if the court feels that wasn't specific enough Are you arguing if plain error review applies you still would win? Yes. If the court is going to use plain error we meet the elements This is error. It is plain. The Borden case is not complicated and it does affect a substantial right so even if the court uses plain error to do the analysis in this case, the case meets all of the required elements there I see that I'm out of time I don't understand your reading of the statute You said you don't even need a gun? Correct. Under 291101A1 one of the ways that you can be convicted is to indicate possession But it first says have a deadly weapon and either display the weapon brandish it indicate the offender possesses it or use it You have to have it No. If you look at the case law and the way this is interpreted in Ohio there are a myriad of cases where no gun was ever found the person who was the victim said I thought they had a gun and the person is convicted under this indicating possession section I will look at that but is it enough that the victim thought that the perpetrator had the weapon or did the court decide there was enough evidence to conclude that the perpetrator had a gun It's a fine line distinction if you look at the case law they don't require that the weapon be found there has to be some evidence that they possess the weapon and that can just be the testimony of somebody saying I thought they had a gun Right. But factually then there's a finding that the person had the gun Do you understand the difference I'm saying? I do. I just don't think that the state court makes the distinction I understand what you're saying as a practitioner in state court I would like the courts to be a little bit more precise in the way that they analyze that element unfortunately I have personal experience that they just aren't But isn't there a jury instruction that says that you have to find that the person had a gun The jury instruction is just the statute there isn't anything specific saying that they have to find it The language of the statute is there as your honor points out Thank you Thank you both for your argument The case will be submitted and the clerk may recess court